**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JORGE VASQUEZ-MEDEROS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | |
| SCOTT LADWIG, Acting Director of the New Orleans Field Office of ICE, in his official capacity, | ) ) ) ) | No. 2:26-cv-02178-SHL-atc |
| Respondent. | ) ) | |

**ORDER REQUIRING ADDITIONAL INFORMATION FROM PETITIONER,
REQUIRING SERVICE, AND STAYING TRANSFER**

On February 19, 2026, pro se Petitioner Jorge Vasquez-Mederos filed the Petition for Writ of Habeas Corpus (28 U.S.C. § 2241).[1]  (ECF No. 2.)  Vasquez-Mederos challenges his continued detention in the West Tennessee Detention Facility, and seeks his immediate release, arguing that he "has been detained since November 20, 2025 without receiving a constitutionally adequate individualized bond hearing."  (Id. at PageID 2.)

However, the Petition does not contain enough facts about Vasqeuz-Mederos to show that he is entitled to relief.  These facts include, but are not limited to, how long he has lived continuously in the United States, whether he has committed any crimes, and any other facts showing that he is wrongfully detained without a bond hearing.  Thus, Vasqeuz-Mederos must

---

[1] At the same time, he filed two pro se motions: the Motion to Proceed in Forma Pauperis (ECF No. 3) and the Motion to Stay Transfer of Petitioner (ECF No. 4).

First, in the Motion to Proceed in Forma Pauperis, although Vasquez-Mederos states that he "does not have the financial ability to pay the filing fee," he has not yet submitted "an affidavit that includes a statement of all assets" he possesses.  See 28 U.S.C. § 1915.  He must either pay the $5 habeas filing fee or supplement the Motion to correct its deficiencies.

Second, the Motion to Stay Transfer of Petitioner seeks relief that is duplicative of that sought in the Petition, and thus is **DENIED AS MOOT**.

supplement the Petition with additional facts.

Pleadings filed by pro se petitioners should be "liberally construed and held to less stringent standards than a pleading filed by counsel." Kondaur Cap. Corp. v. Smith, 802 F. App'x 938, 945 (6th Cir. 2020). However, the Court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

A habeas petition "must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]" Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; see also Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Note that the Rules Governing Section 2254 Cases—in addition to the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas statute—apply equally to § 2241 habeas petitions such as this. Williams v. Holloway, No. 14-cv-02652, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016).

Upon review of the Petition, it is **ORDERED** as follows:

(1)    Vasquez-Mederos shall, within **ten days** of the entry of this Order, supplement the Petition, providing facts as described above to show why he should not be considered an "arriving alien" under 8 U.S.C. § 1225.

(2)    He shall, also within **ten days** of this Order, serve one copy each of (1) the Petition (ECF No. 2), (2) his supplemental facts, and (3) this Order (ECF No. 6) on the United States Attorney for the Western District of Tennessee at the following address:

Stuart Canale, Assistant United States Attorney
United States Attorney's Office
167 North Main Street
Suite 800
Memphis, TN 38103

Additionally, Vasquez-Mederos shall send the documents listed above to the United States

Attorney for the Western District of Tennessee electronically at the following email address:

**stuart.canale@usdoj.gov**.  Failure to fully comply with these service requirements may justify

dismissal of the Petition.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with

these rules or a court order, a defendant may move to dismiss the action or any claim against

it.").

(3)    Within **five days** of this Order, Ladwig shall respond to the petition for writ of

habeas corpus in writing.

(4)    Vasquez-Mederos may file a reply within **ten days** after Ladwig's responsive

filing.

(5)    Ladwig shall not transfer Vasquez-Mederos out of the West Tennessee Detention

Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 3rd day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3