**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JORGE VASQUEZ MEDEROS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1] | ) | No. 2:26-cv-02178-SHL-atc |
| Respondent. | ) | |

**ORDER GRANTING PETITION**

On February 19, 2026, pro se Petitioner Jorge Vasquez Mederos filed the Petition for

Writ of Habeas Corpus (28 U.S.C. § 2241).  (ECF No. 2.)  Vasquez Mederos challenges his

continued detention in the West Tennessee Detention Facility, and seeks his immediate release,

arguing that he "has been detained since November 20, 2025 without receiving a constitutionally

adequate individualized bond hearing."  (Id. at PageID 2.)  Respondent responded on April 15,

2026.  (ECF No. 8.)  Vazquez Mederos replied on April 29.  (ECF No. 9.)  He filed a Motion to

Expedite Consideration of Pending Petition on July 6.[2]  (ECF No. 10.)

For the reasons stated below, the Petition is **GRANTED**.  Respondent is **ORDERED** to

release Vasquez Mederos immediately.

---

[1] The only proper Respondent in this action is Christopher Bullock, the current Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, Scott Ladwig is dismissed from the case.

[2] This Motion is **GRANTED**.

**BACKGROUND**

Vasquez Mederos, a citizen of Peru, has resided in the United States continuously since August 2022.  (ECF No. 8 at PageID 49.)  His wife also lives in the United States.  (ECF No. 8-2 at PageID 61.)  On November 11, 2025, he was taken into ICE custody and remains detained at the West Tennessee Detention Facility.  (ECF No. 8 at PageID 49–50.)  Vazquez Mederos had a bond hearing before an Immigration Judge ("IJ") on January 23, 2026, but the IJ denied his release on bond because (1) Vazquez Mederos was an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and (2) he was subject to mandatory detention under the Laken Riley Act ("LRA"), § 1226(c)(1)(E)(2), due to a previous arrest for shoplifting.  (ECF No. 8-3 at PageID 65.)

Vasquez Mederos was arrested for shoplifting by the Horn Lake Police Department on December 11, 2023.  (Id. at PageID 49.)  Because of that 2023 arrest, Respondent argues that Vazquez Mederos is ineligible for a bond hearing under the LRA.  (ECF No. 8 at PageID 54–55.)  That provision, enacted in 2025, states that the government "shall take into custody any alien who . . . is arrested for . . . shoplifting," among other offenses.  § 1226(c)(1)(E)(ii).  In his reply, Vazquez Mederos argues that the shoplifting offense was resolved after paying a fine.  (ECF No. 9 at PageID 67.)

**ANALYSIS**

Vasquez Mederos challenges his detention without "a constitutionally adequate individualized bond hearing."  (ECF No. 2 at PageID 2.)  He seeks immediate release from Respondent's custody.  (Id.)  Respondent, echoing the IJ's January 2026 findings, argues that Vazquez Mederos is subject to mandatory detention because (1) he is an "applicant for admission" under 8 U.S.C. § 1225 and (2) he was arrested for shoplifting in 2023.  (ECF No. 8 at

2

PageID 50–55.)  In the alternative, Respondent argues that the appropriate remedy is another bond hearing before an IJ, not immediate release.  (Id. at PageID 55.)

However, Respondent's first argument was resolved within a month of his filing, after the Sixth Circuit issued its opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'" Lopez-Campos, 175 F.4th at 732.  Accordingly, a noncitizen who has spent "significant time . . . within the interior of the United States" may not be detained without an individualized bond hearing.  Id. at 734.

Therefore, Petitioner is entitled to relief as long as he is not mandatorily detained under the LRA, § 1226(c)(1)(E)(ii), as a result of his shoplifting arrest.  Thus, the analysis turns to Respondent's second argument for detention and considers the application of the LRA.

The LRA, enacted in 2025, amended § 1226(c) by adding exception (E), a list of conditions for a category of aliens who must be detained without bond.  Specifically, exception (E) requires the mandatory detention of an alien if they (1) are found to be "inadmissible" and (2) are charged with, arrested for, convicted of, or admit to committing "any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person."  8 U.S.C. § 1226(c)(1)(E).  However, the timing of the LRA's enactment complicates its applicability to Petitioner's case.

Generally, courts "apply the law existing at the time of the decision as opposed to the law existing at the time that the conduct giving rise to the case occurred."  Patel v. Gonzales, 432 F.3d 685, 690 (6th Cir. 2005) (citing Landgraf v. Usi Film Prods., 511 U.S. 244, 280 (1994)). When interpreting statutes, courts presume that statutes apply prospectively and not retrospectively.  Id.  Therefore, application of a statute to past conduct is typically disfavored.

3

But not all cases involving amended federal statutes and pre-amendment conduct raise retroactivity concerns. Id. Rather, the issue of retrospective operation arises if the statute has a retroactive effect on past conduct—when "the new provision [of a statute] attaches new legal consequences to events completed before its enactment."[3] Landgraf, 511 U.S. at 269–70.

If a statute has a retroactive effect, courts must decide "whether [it] should be applied" as such, using a two-step inquiry. St. Thomas Hosp. v. Sebelius, 705 F. Supp. 2d 905, 919 (M.D. Tenn. 2010). First, a "court asks whether the statute expressly provides that it is to be applied retroactively and, if so, that is the end of the inquiry." Id. (citation modified) (citing Moses v. Providence Hosp. and Med. Ctrs., 561 F.3d 572, 583–84 (6th Cir. 2009)). If the statute is silent as to retroactivity, a court then determines "whether applying the statute 'would have a retroactive consequence in the disfavored sense of affecting substantive rights, liabilities, or duties on the basis of conduct arising before its enactment.'" Id. (quoting Moses, 561 F.3d at 583–84). If the statute has such a "retroactive consequence," it should not apply retroactively. Patel, 432 F.3d at 690; St. Thomas Hosp., 705 F. Supp. 2d at 919.

Section 1226(c)(1)(E) does not apply to Petitioner because applying a provision enacted in 2025 would attach new legal consequences to a past event, namely, Petitioner's 2023 arrest. And Landgraf counsels against retroactive application. First, § 1226 is silent as to whether it applies retroactively. § 1226(a)–(f). Second, Congress did not intend § 1226(c)(1)(E) to apply retroactively, as "[i]t lists no effective date, and its legislative history gives courts no indication that it should be applied retroactively." Patel, 432 F.3d at 691. Further, subsection (c)(1)(E) affects substantive rights or liabilities, including Petitioner's liberty, as it requires the Attorney

---

[3] As noted by the Landgraf Court, relevant considerations guiding this decision about "new legal consequences" include "fair notice, reasonable reliance, and settled expectations." Landgraf, 511 U.S. at 269–70.

General to detain him without bond.  Cf. Moses, 561 F.3d at 583–84 ("[B]ecause the regulation would affect the extent of the care that Howard could have expected upon admission as an inpatient, the regulation attaches legal consequences to events completed before its enactment." (quotation marks omitted)).  When Vasquez Mederos was arrested for shoplifting in 2023, he did not have fair notice at that time that he would be subject, years later, to mandatory immigration detention without a meaningful bond hearing.  See Matute v. Jamison, 25-cv-07093, 2026 WL 461557, at *6 (E.D. Penn. Feb. 18, 2026) ("The [Supreme] Court held that because the IIRIRA attached a new disability (barrier of re-entry) to the petitioner based on a 'single crime committed years before IIRIRA's enactment,' retroactive application was impermissible.") (applying Vartelas v. Holder, 566 U.S. 257, 272 (2012)).

The Court notes that it does not endorse Vasquez Mederos's past criminal conduct.  The record is undisputed that he was arrested for shoplifting.  But the wrongfulness of that act is outside the scope of this Petition, and § 1226(c)(1)(E) only applies prospectively.  For these reasons and those discussed above, the Court finds that § 1226(a) applies to him.  Thus, Petitioner is entitled to the process included in that subsection.

Finally, Respondent argues that, "[i]f the Court determines that Petitioner's detention is subject to 8 U.S.C. § 1226, the only appropriate remedy is a bond hearing before an immigration judge," not immediate release.  (ECF No. 8 at PageID 55.)  However, under Lopez-Campos, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." 175 F.4th at 734.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, he is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a

bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

### CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to release Petitioner immediately. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 9th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

6